## CIRCUIT COURT OF THE CITY OF RICHMOND

Groome Transportation, Inc., et al.

v.

Virginia Department of
Motor Vehicles et al.

July 30, 1997

Case No. HI-13-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the Court on a Petition for Appeal filed by appellants Groome Transportation, Inc., and V.I.P. & Celebrity Limousines, Inc. (collectively Groome). Groome challenges an order of the Virginia Department of Motor Vehicles (DMV) granting a certificate of public convenience and necessity to Gulfstream Limousine Company.

Gulfstream has been operating in a substantial portion of Virginia as a special or charter party carrier since June of 1994. In its application of March of 1996, the proceedings under review here, it sought a new certificate to allow it to operate statewide from all points in Virginia. In other words, it wished to go from being a class B carrier under the statute to being a class A carrier. *See* Va. Code Ann. § 46.2-2303 (1996).

Gulfstream is a relatively small operation, having only five vehicles. The new certificate is, therefore, not likely to have a substantial impact on the competitive market. Groome does not claim otherwise. Instead, Groome claims that when the DMV entered its application on November 19, 1996, it acted arbitrarily and capriciously.

The appeal is made under the Virginia Administrative Process Act, §§ 9-6.14:1 through 9-6.14:25. Counsel for Groome advises that this appeal is

probably the first made under a change in the law for review of an agency decision to award a certificate of public convenience and necessity. In 1995, the Virginia General Assembly saw fit to transfer the regulation of passenger/charter party motor vehicle carriers from the State Corporation Commission (SCC) to DMV. Counsel for Groome argues, *inter alia*, that the decision by DMV here ignores precedent developed during the times the SCC had primary jurisdiction and these cases went to the Virginia Supreme Court for review. Further, the DMV decision here effectively deregulates passenger/charter party motor vehicle transportation in Virginia something a state agency cannot do because the General Assembly specifically decided to leave such regulation in place when it transferred motor carrier regulatory authority from the SCC to DMV. However, the court finds that, while the case authority on the questions presented arose when the certificate procedures were different, there is no reason to not apply the precedential cases which arose in the context to the new statutory framework.

On appeal, the findings of the DMV must be regarded "as *prima facie* just, reasonable, and correct, and cannot be upset in the absence of a showing of an abuse of the discretion vested in it by statutory and constitutional provisions." *Atlantic Greyhound Lines v. Silver Fox Lines*, 204 Va. 360, 363 (1963) (citing *City of Bristol v. Railway Co.*, 200 Va. 617, 624 (1959)).

This court "cannot sit as a board of revision to substitute [its] judgment for that of the [DMV] on matters within its province." *Id.* (citing *Virginia Gas Distr. Corp. v. Washington Gas Light Co.*, 201 Va. 370, 375 (1959)). A case decision of the DMV "is presumed to be correct, and a determination made by the [DMV], based upon the application of the correct principles of law, will not be disturbed unless it is contrary to the evidence or without evidence to support it." *Atlantic Greyhound Lines v. Jones Bus Co.*, 216 Va. 255, 258 (1975) (citing *N. & W. Ry. v. Corporation Comm'n*, 215 Va. 214, 218 (1974)). With these standards in mind, the Court turns to the issues presented by this appeal.

Groome's argument is in three parts: (1) there is no public need for the proposed service; (2) the applicant is incapable of providing economical, comfortable, and convenient service to the proposed geographic area; and (3) the hearing decision constitutes *de facto* bureaucratic deregulation of the area of law. Gulfstream contests each of these points. The Court will consider them in turn.

The first two grounds of appeal parallel the test set forth by the Virginia Supreme Court in *Jones Bus Co.* That test was designed to determine whether a certificate should be awarded. The Supreme Court in that case said:

Clearly, the General Assembly, by enacting this statute, intended that the public receive special and charter party service that is economical, comfortable, and convenient, and that the [DMV's] decision in granting or denying such a certificate be based upon a consideration of three factors, namely: (1) an existing public need for the proposed carrier's service; (2) the proposed carrier's ability to provide economical, comfortable, and convenient service for the geographic area; and (3) the economic and competitive impact which the proposed carrier would have upon existing carriers providing similar service within the same territory.

*Jones Bus Co.*, 216 Va. at 257-58.

With regard to the first factor, Groome argues that the applicant must show that there are members of the public who desired service, but due to the lack of equipment or companies available, they were unable to get it. In other words, the demand in the proposed geographic region is higher than the supply of the services involved.

The evidence on the record does not show a supply and demand imbalance. Instead, the record supports a finding that members of the public wish to use this proposed system. Gulfstream claims to provide a superior level of service to its customers than its competitors. This assertion is, at least in part, borne out by the letters submitted by Gulfstream's customers. Its customers have represented that they are pleased with the service Gulfstream provides, over and above other companies, and wish that Gulfstream could service more areas in the state. If it did so, it would be more convenient for these customers to organize their charters using the service they prefer.

The Supreme Court has spoken on the issue of "necessity":

As used in the statutes regulating motor vehicle carriers, the words in the phrase "public convenience and necessity" are not semantically independent and distinct but conceptually interrelated. The word "convenience" modifies and qualifies the literal import of the word "necessity." Considered contextually, the two words do not require a showing of imperative need rooted in public hardship. In applying the statutory phrase, the [DMV] is entitled to consider public convenience as well as an imbalance in supply and demand.

*Abbott Bus Lines v. Courtesy Bus Lines*, 230 Va. 181, 186 (1985).

The Court finds that there is ample support on the record for the DMV to have found that public convenience is served by the granting of this

certificate. As the finding of convenience meets the test set out by the Supreme Court, this ground of appeal is overruled. The Court will not, as Groome requests, demand that the applicant make a showing of absolute need through a supply and demand analysis as a prerequisite to upholding the issuance of the certificate.

The second argument on appeal concerns the second element. Groome contends that "the proposed carrier's ability to provide economical, comfortable, and convenient service for the geographical area" necessarily requires an analysis of the financial fitness of the company. In other words, if the carrier is not financially fit, it will not be *able* to provide the service. Groome points out that during the third year of operation, Gulfstream sustained operating losses of over $111,000. Therefore, Groome contends, Gulfstream cannot expect to provide the services it intends to.

The DMV found that Gulfstream is an "S" Corporation under the Internal Revenue Code. As such, the DMV noted that many such "S Corps." intentionally operate at a loss in order to structure the taxes of the stockholders in a way that benefits them. As such, it concluded that the operating loss is not a bar to a finding of financial fitness.

Groome counters with the assertion that the tax benefits do not account for the whole of the loss. Gulfstream points to the finding by the DMV that more resources are available to the company. Groome questions the evidence proving the existence and availability of these resources.

The element of financial fitness is not clearly one required for the issuance of the certificate. In fact, Gulfstream claims that this is not what is required by the second arm of the *Jones Bus Co.* test at all. Rather, the test is about whether the service provided will be economical, comfortable, and convenient for the passengers. As this question has largely been answered under the discussion of necessity, there is no reason to explore it further.

The strongest basis for requiring a showing of financial fitness is that, according to Groome, the SCC always looked at that factor when it considered these cases. The Court has not found this codified or in any case. However, the statute does admonish the agency to consider all relevant factors. *See* Va. Code Ann. § 46.2-2304 (1996).

The Court cannot find, as a matter of law, that there is no evidence to support the finding made by the DMV. The DMV is in the best position to analyze the materials on the record, and it has done so. It is not the position of the Court to superimpose its judgment on that of the DMV, unless it is unsupported by the evidence. Since the DMV felt the loss was explained away by the "S Corp." theory and the additional moneys available to Gulfstream, as well as Gulfstream's successful first two years and its continuing operation,

the Court will not overrule the finding that Gulfstream is financially fit enough to provide the services intended.

The final ground of appeal is somewhat unusual. Basically, Groome argues that if an applicant can go to the DMV with such flimsy evidence and be awarded a certificate, it effectively makes the certificate irrelevant. By doing so, the existing certificates, such as those held by Groome, become meaningless. Those certificates, Groome continues, have been revoked without due process. This case decision nullifies the regulations, effectively deregulating the area of law, which the General Assembly did not intend.

This entire argument is premised on the idea that the evidence on the record was too flimsy to stand. With all due respect to Groome's counsel, his contention that this record would not be sufficient if the SCC was involved, as opposed to the DMV, is irrelevant. The DMV is now the agency in which the discretion has been vested. Whether it handles things differently than the Commission did is its decision. The Court will simply review the record for support, as it has always done on administrative appeals. The DMV has become the agency with the "specialized competence" to evaluate the cases before it.

As the Court has found evidence sufficient to support the findings made by the DMV, it will not hold that this case decision constitutes bureaucratic deregulation. The third ground of appeal is therefore overruled.

Having overruled all grounds of appeal asserted, the Court will enter judgment in favor of the Appellees and against the Appellants.